## In re BYCK.
### Patent Appeal No. 2671.

Court of Customs and Patent Appeals.
April 15, 1931.

R. L. Scheffler, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner, rejecting claims 1, 2, 3, 8, 9, and 10 of appellant's application for failure to define anything inventive over the subject-matter claimed in appellant's prior patent, in view of the prior art.

Claims 1, 3, and 9 are illustrative of the claims in issue and read as follows:

"1. An insulated coil comprising a conductive winding having an insulating coating of infusible, flexible, phenol-fatty oil composition, and an insulating filling for the interstices of said winding."

"3. An insulated coil comprising a conductive winding having an insulating coating of infusible, flexible, phenol-fatty oil composition, associated with a fibrous sheet material, and an insulating filling for the interstices of the said winding."

"9. As an article of manufacture, a flexible electrical conductor having an adhering insulating coating of an infusible, flexible, phenol-fatty oil composition."

The references are: Baekeland, 1,213,-726, January 23, 1917; Byck, 1,590,079, June 22, 1926.

The alleged invention is sufficiently described in the claims quoted.

The Board of Appeals in its decision stated:

"The patent to Baekeland discloses the making of an insulated coil by first insulating the conductor in various ways, see page 2, lines 8–10, among which is coating it with an insulating varnish and then impregnating the conductor or coil and filling the interstices between the windings with a fluid and mobile phenolic condensation product and finally transforming said product, in situ, into a solid homogeneous, impervious, insoluble and infusible body.

"Appellant carries out the same process but uses both as the insulating varnish and as the impregnating material, a composition for which he has been granted a patent No. 1,590,079.

"The Examiner holds that there is no invention in substituting the composition of appellant's patent for the insulating varnish and the impregnating material in the Baekeland method."

It appears that on June 22, 1926, appellant was granted the patent cited as a reference, upon an application filed November 5, 1923. The instant application was filed on February 11, 1926, so that it was copending at the time said patent was issued.

Appellant moved for a rehearing before the Board of Appeals upon the ground that the Board had overlooked the fact that his application was copending when said patent was issued. The Board denied the motion, stating: "The ground of our rejection was that appellant had already been granted a patent on the phenolic condensation product which he proposes to use for insulating electric conductors and coils, as claimed in the present application, and that it involved no invention to use such material for this purpose in view of the Baekeland patent No. 1,213,726. The question is merely whether it involved invention to substitute appellant's patented composition in the Baekeland process and coil. We held that it did not and it is entirely immaterial that the applications were copending. The situation is like that in Re Isherwood, 46 App. D. C. 507, C. D. 1917, page 226; Ex parte Hammond & Hammond, C. D. 1922, page 15; Ex parte Chapman, C. D. 1924, page 143; and Willcox & Gibbs Sewing Mach. Co. v. Merrow Mach. Co. (C. C. A.) 93 F. 206, C. D. 1898, page 584."

In appellant's said patent it is stated that his material is adapted for use as a varnish or impregnating solution; it is further stated as follows: "Varnishes and lacquers prepared as above may be applied to wood, metal, fabrics, paper and all other bases, and yield when baked (preferably at about 160°–170° C.) lustrous, adherent, mechanically and chemically resistant, electrically insulating and highly flexible films. They have been found well suited, among other uses, for the manufacture of so-called composite cardboard, or laminated products (U. S. Patent No. 1,019,406 to L. H. Baekeland) comprising sheets of paper, canvas, etc., coated or impregnated with the phenolic condensation product, and consolidated

and transformed by sufficient application of heat."

It is clear to us that the decision of the Board of Appeals must be affirmed unless the fact that appellant's instant application was copending with the application upon which his patent was issued prevents such patent being considered in determining whether appellant has made an invention. It is elementary that there cannot be more than one valid patent for the same invention, and, if appellant's claims here in issue have as an element of invention only the use of the composition patented to appellant, it would seem that, in view of the Baekeland reference, appellant was attempting to secure a patent upon an obvious use of a composition for which he has already received a patent.

Appellant cites many authorities in support of his contention that his said patent is not a bar to the allowance of the claims in issue. The cases so cited appear to establish the rule that, where two applications by the same inventor are copending, it is a matter of indifference which of the patents is issued first, provided that the claims are for separate inventions. Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co. (C. C. A.) 22 F.(2d) 259, and cases cited.

In the same case it was held that: "The issuance of the first patent does not abandon the unclaimed matter in its disclosure, the pending of the second application rebutting any such inference."

We think it clear that the application here in issue does not claim a separate invention from that claimed in the issued patent, but only claims an obvious use of the composition there patented. If appellant's position is well taken, then it would seem that any inventor of a new and useful composition of matter may receive a patent for it, and he may also, by filing separate applications, secure patents for every use of such composition that he may disclose. An inventor is not entitled to a patent unless his invention is new and useful. It would shock one's sense of justice if an inventor could receive a patent upon a composition of matter, setting out at length in the specification the useful purposes of such composition, manufacture and sell it to the public, and then prevent the public from making any beneficial use of such product by securing patents upon each of the uses to which it may be adapted.

In the case at bar, appellant received a patent upon his composition of matter because he had invented something new and

useful. He could not have received such patent unless he had disclosed its utility. Such disclosure of usefulness did not constitute separate inventions, but an essential part of a single invention. Of course he might have disclosed a use of the invention which, together with other elements, might have constituted a separate invention for which he would be entitled to a patent. This, we hold, he did not do, in view of the Baekeland reference.

For the reasons stated, there was no error in citing the said patent, not as prior art, but to show that appellant had already received a patent for the only invention that was disclosed in either application.

The decision of the Board of Appeals is affirmed.

Affirmed.