94

**KISTLER v. COE, Commissioner of Patents.**

**No. 8517.**

United States Court of Appeals
District of Columbia.

Decided April 10, 1944.

Mr. Harold T. Stowell, of Washington, D. C., with whom Mr. J. Russell Wilson, of St. Louis, Mo., was on the brief, for appellant.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

In October, 1934, appellant applied for a patent upon a material known as aerogel and a patent was granted upon the claims of that application in September, 1937. In April, 1937, five months before the issuance of the patent on his aerogel material, appellant filed a new application, claiming invention of "a method of thermally insulating structures by providing an enclosed space substantially surrounding the structure and filling the space with an inorganic aerogel, such as silica aerogel, and to the thermally insulated structures thereby produced." In substance, therefore, what appellant seeks to cover with the monopoly of a patent is the method of putting his aerogel into spaces between outer and inner walls, such as those of buildings and refrigerators, for insulating purposes; as well as the buildings and refrigerators so insulated. The Patent Office rejected this ambitious proposal, as did the District Court, for lack of invention. We agree with the Patent Office and with the District Court.

In response to the finding of the District Court, that the claims here involved defined no invention over appellant's aerogel patent, he concedes that what he claims to be invention, in the present case, is disclosed in the patent issued to him on September 21, 1937. But he urges that the finding does not justify rejection of the disputed claims because he did not *claim* the alleged later invention in his earlier application. Specifically, he says: "None of the claims [of his patent] are directed to a heat-insulating *structure* or to a *method* of making such structure." [Italics supplied] But this fact does not entitle appellant to a patent in the present case. The claims of his earlier application did disclose all that was inventive in character and he received a patent therefor. Methods of constructing insulated buildings, refrigerators, thermos bottles, and other such articles, have been long known and the interest of the public would certainly not be served by granting to anyone a patent covering either such methods or the structures themselves. The record fully supports the findings and judgment of the trial court,[1] and there is no merit in any contention made by appellant on this appeal.

Affirmed.

---

[1] Abbott v. Coe, 71 App.D.C. 195, 197–198, 109 F.2d 449, 451–452; Daniels v. Coe, 73 App.D.C. 54, 58, 116 F.2d 941, 945; Morrison v. Coe, 75 U.S.App.D.C. 219, 220, 127 F.2d 737, 738.