52 CCPA

**Application of Oldrich K. SEBEK and George B. Spero.**

**Patent Appeal No. 7340.**

United States Court of Customs and Patent Appeals.

June 24, 1965.

tive ingredients, and a method of administering those preparations for the treatment of inflammatory conditions. The preparations include certain amounts of the active compound in association with a pharmaceutically acceptable enteral, parenteral or topical carrier. Appellants' specification states:

> In harmony with the mode of administration * * *, the composition is prepared by compounding, by conventional methods, the principal active ingredients, with any desired complementary active ingredients and supplementary ingredients.
>
> *      *      *      *      *      *
>
> The said supplementary ingredients are those used in the art of compounding and are dependent upon the type of composition. * * *

Various supplementary ingredients, such as diluents, binders, water, alcohol, surfactants, and suspending agents, are said to be suitable as carriers. Claims 3 and 14 are illustrative of the therapeutic use appellants make of their hydrocortisone derivatives:

> 3. An enteral pharmaceutical preparation in dosage unit form comprising from about 0.5 to about 20 mg. per dosage unit of a member selected from the group consisting of 1-dehydro-6α-methylhydrocortisone, the 21-acylates thereof wherein the acyl group is that of an organic carboxylic acid containing from one to twelve carbon atoms, inclusive, and the water soluble salts of the acylates and a pharmaceutically-acceptable enteral carrier.
>
> 14. A method for the treatment of human and veterinary inflammatory conditions comprising the step of administering a pharmaceutical preparation comprising from about 0.5 to about 100 mg. of a member selected from the group consisting

Joseph K. Andonian, Kalamazoo, Mich. (Eugene O. Retter, Kalamazoo, Mich., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 3, 5, 6 and 8–16 of appellants' patent application,[1] entitled "Compositions."

The application relates to pharmaceutical preparations containing 1-dehydro-6α-methylhydrocortisone [2] compounds as ac-

---

1. Serial No. 801,692, filed March 25, 1959.

2. 1 - dehydro - 6α - methylhydrocortisone is hereafter referred to by its generic name, methylprednisolone.

of 1-dehydro-6α-methylhydrocortisone, the 21-acylates thereof wherein the acyl group is that of an organic carboxylic acid containing from one to twelve carbon atoms, inclusive, and the water soluble salts of the acylates and a pharmaceutically-acceptable carrier.

Appellants' application is a continuation-in-part of their U. S. patent 2,897,218 [3] directed to 1-dehydro-6α-methylhydrocortisone (methylprednisolone) and esters thereof. Claim 1 of that patent is of particular pertinence to the issue before us:

1. A compound of the formula:

wherein R is selected from the group consisting of 11β-hydroxy and 11-keto, and wherein R′ is selected from the group consisting of hydrogen and acyl, in which the acyl group is of a hydrocarbon carboxylic acid containing from one to twelve carbon atoms, inclusive.

The examiner rejected the present claims as unpatentable over the claims of appellants' patent. He noted that the disclosure of the Sebek patent sets forth as a supporting utility for the compounds claimed therein their use as active ingredients in oral, topical and parenteral composition for treatment of inflammatory conditions, as well as their use as intermediates in preparation of other steroids. It was his contention that claims directed to one of the uses disclosed in the Sebek patent did not "involve invention separate from the invention claimed" in that patent. He relied on In re Byck, 48 F.2d 665, 18 CCPA 1208; and In re Freeman, 166 F.2d 178, 35 CCPA 920, in support of his position that appellants had but one inventive concept and are not entitled to a second patent.

■ The board approached the problem in a somewhat different manner, saying:

\* \* \* Each case must necessarily be decided on the basis of its own particular facts and circumstances. It cannot be said that claims in a second application directed to the use (composition or method) of patented compounds are invariably patentable, nor are such claims necessarily unpatentable. The obviousness or unobviousness of the claimed use (composition or method) must always be considered.[4]

---

3. Issued July 28, 1959, on application Serial No. 623,776, filed November 23, 1956.

4. We agree with that statement, as is apparent from the following decisions of this court:

(1) In re Byck, supra, where claims directed to a coil coated with a certain phenolic condensation product were held to be directed to an obvious, unpatentable use of Byck's previously patented phenolic condensation product, in view of a reference showing coils coated with similar phenolic condensation products.

(2) In re Keim et al., 229 F.2d 466, 43 CCPA 784, where claims directed to a process of using certain emulsions (containing ketene dimers) to size paper were found to be unobvious over a commonly assigned patent claiming the emulsions per se. We noted in that decision that whether the appealed claims were directed to the *only use* disclosed in the patent for the composition, or to *one of several uses* (In re Maxwell, 188 F.2d 479, 38 CCPA 1011), was immaterial, the test being obviousness of the claimed use.

In analyzing the instant factual situation, the board said:

> \* \* \* we have no doubt that the compounds of the Sebek et al. patent would be instantly recognizable by a person of ordinary skill in this art as useful in therapeutic compositions and for therapeutic treatment. The patented compounds are related to hydrocortisone,[5] differing there-

from in the double bond between the 1- and 2- carbons and in the presence of a methyl substituent on the 6-carbon, and are also related to prednisolone, differing therefrom in the presence of a methyl substituent on the 6-carbon. Accordingly, the person of ordinary skill in this art would expect that the patented compounds would be useful in the therapeutic field, like hydrocortisone and prednisolone. The patented compounds are steroids; steroids are commonly used for their therapeutic activity. \* \* \*

As seems clear from the views of the examiner and board, "double patenting" has been an expression subject to varied interpretations and tests by different people. The examiner seemingly thought that but one and the same invention is present in the Sebek patent and the in-

stant application. The board was of the view the present application claims an invention differing from the already patented invention in obvious, unpatentable particulars. There may well be significant practical differences between the situation where there is one invention twice claimed and a situation where there are two inventions, one unpatentable over the other,[6] but we need not discuss the examiner's position since the board's reasoning supports the conclusion that, on this record, appellants are not entitled to a patent containing the appealed claims.

In effect, the board has stated that given the particular compounds of the Sebek patent claims, once they have passed into the hands of the worker in the art, the processes or compositions in which they can be used may or may not be obvious, depending on the nature of the compounds and the knowledge of the prior art. If they are obvious, a patent claiming the compounds secures to the inventor all the protection which legally is his due. Any prolongation of the period of that monopoly by embracing in a second, later-expiring patent obvious processes or compositions utilizing the compound is contrary to well established principles of law.

In asking us to reverse the board's decision, appellants concede in their brief that "an obvious second invention is not patentably distinct and would not merit the grant of a second patent." It is their position, however, that the claimed therapeutic use of the patented compounds is such an "extraordinary and unpredictable property" of those compounds that it cannot be regarded as obvious from the compound invention. They refer to several journal articles in the record and to other publications presented at oral argument and in their

---

5. The Merck Index, 6th Edition (1952) gives the following structural formula for hydrocortisone and indicates its medical use as treatment of inflammatory conditions:

6. For the effect of terminal disclaimers under 35 U.S.C. § 253 upon the two situations, compare In re Robeson, 331 F.2d 610, 51 CCPA 1271, and In re Kaye, 332 F.2d 816, 51 CCPA 1465, with In re Siu, 222 F.2d 267, 42 CCPA 864.

brief as indicative of the unobviousness of the claimed subject matter.

We think that one of ordinary skill in the art, upon contemplating the nature of the subject matter of the Sebek patent claims in view of his knowledge that closely related steroid compounds have been combined with pharmaceutically acceptable carriers in a manner similar to that here and administered to treat inflammatory conditions, would find adequate suggestion of the subject matter as a whole which is claimed. Obviousness does not demand absolute certainty on the part of one of ordinary skill that the new material will be more or less successful in use than the materials known in the prior art.

We agree with the board that the cited publications, which extol the virtues of methylprednisolone compositions compared with such cortisone derivatives as hydrocortisone and prednisolone also used to combat inflammatory conditions, are not entirely pertinent to the present issue. Here the double patenting rejection is based on claims to the methylprednisolone compounds themselves. We do not find that literature to establish a patentable distinction between the compounds per se and the compounds in combination with a pharmaceutically acceptable carrier, such as water, the purpose of the carrier being to enable administration of the compounds. Rather, it appears the efficacy of appellants' compositions containing methylprednisolone and a carrier in therapy is due solely to properties of the active ingredients, properties which we do not find would be unexpected from a consideration of closely analogous steroids. We think it would be obvious to one skilled in the art to formulate the present compositions from the patented compounds and adapt them to the method of administration claimed.

The decision is affirmed.

Affirmed.

SMITH, J., concurs in the result.