Application of Francis J. BOYLAN.
Patent Appeal No. 7846.

United States Court of Customs and Patent Appeals.
April 25, 1968.

Clinton F. Miller, Wilmington, Del. (Marion C. Staves, Wilmington, Del., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

ARTHUR M. SMITH, Judge.

The issue presented by this appeal is whether appellant's claims were properly rejected on the basis of "double patenting." The rejection is thus predicated on the Patent Office position that the same invention was previously claimed in appellant's earlier-issued patent. Since a terminal disclaimer was timely filed, the sole issue before us is whether the appellant, in the appealed claims, seeks to claim again the "same invention" previously claimed in his prior-issued patent.[1]

This issue arises in an appeal from the decision of the Patent Office Board of Appeals,[2] adhered to on reconsideration, affirming the examiner's rejection of the claims of the appellant's application[3] "on the ground of double patenting over the claims of" appellant's patent.[4]

The application on appeal was copending with the application which resulted in the patent which forms the basis for the rejection and is denominated a "continuation-in-part" thereof. Both the application at bar and the application for the patent were filed by the same inventor. For convenience, appellant's application will be generally referred to as the "application" and appellant's patent will be referred to as the "patent." Both the application and the patent have been assigned to Hercules Powder Company.

Following its filing of an appeal to the board, but before the filing of the examiner's Answer, Hercules Powder Company, as appellant's assignee, filed a terminal disclaimer under 35 U.S.C. § 253 in which it disclaimed the terminal portion of any patent granted on appellant's application which would extend beyond February 5, 1980, the expiration date of appellant's patent.

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Thus, with the presence of the terminal disclaimer filed under 35 U.S.C. § 253, this appeal presents an issue very similar to issues involving an analysis of whether the same invention is twice claimed by the same inventor as frequently before the court in recent years. See In re Knohl, 386 F.2d 476, 55 CCPA — (1967); In re Braithwaite, 379 F.2d 594, 54 CCPA 1589 (1967); In re Faust, 378 F.2d 966, 54 CCPA 1459 (1967); In re Walles, 366 F.2d 786, 54 CCPA 710 (1966); In re Taylor, 360 F.2d 232, 53 CCPA 1187 (1966).

In the *absence* of a timely-filed terminal disclaimer, the approach to the *analysis of the invention or inventions* claimed, and whether a second invention is "patentable over" the first invention becomes more complex. See In re Cole, 373 F.2d 532, 54 CCPA 1107 (1967); In re Higgins, 369 F.2d 414, 54 CCPA 907 (1966). In that instance, it is necessary to consider the additional question of whether the subject matter of the appealed claims is obvious in view of the patent claims relied on as the basis for the rejection on the ground of "double patenting."

However, in analyzing cases of these types, it must always be carefully observed that the appellant's patent is not "prior art" under either section 102 or section 103 of the 1952 Patent Act (35 U.S.C., as amended).

2. The board consisted of Messrs. Asp and Magil, Examiners-in-Chief, and Gaston, Acting Examiner-in-Chief. Mr. Asp wrote the opinion of the board.

3. Serial No. 122,395, filed July 7, 1961, entitled "Defoamer."

4. Patent No. 3,076,768, issued February 5, 1963, entitled "Defoamer," from application Serial No. 19,990, filed April 5, 1960. Appellant's application states that it is a continuation-in-part of application Serial No. 828,051, filed July 20, 1959, and the application which matured into the patent relied upon to support the rejection here on appeal.

## The Invention Claimed in the Application

Appellant's claimed invention here on appeal relates to a *process for inhibiting foaming in an aqueous system.* Appellant's process is alleged to reduce or prevent such foaming by adding to the aqueous sytem a small amount of defoaming composition comprising from about 80% to about 97% of a water-insoluble hydrophobic organic liquid such as vegetable oil, from about 3% to about 20% of small, solid, normally hydrophilic particles, such as silica treated to have a hydrophobic surface, suspended in the organic liquid, and up to about 5% of a surfactant dissolved in the organic liquid.

Claim 1 is representative of the nine claims on appeal. It claims:

1. The method of controlling foaming in an aqueous system which comprises adding thereto a small amount of a defoaming composition comprising from about 80% to about 97% of a water-insoluble hydrophobic organic liquid selected from the group consisting of vegetable oils, mineral hydrocarbons, fluorinated hydrocarbons, long chain alcohols, long chain esters and long chain amines, from about 3% to about 20% of small solid normally hydrophilic particles selected from the group consisting of silica particles, bentonite particles, diatomaceous earth particles, talc particles, attapulgite particles and titanium dioxide particles which have been treated to render the surface thereof hydrophobic suspended in the organic liquid, and from about 0% to about 5% of a surfactant, said percentages being based on the composition.

## The Invention Claimed in Appellant's Patent

The Patent Office relied upon the claims of appellant's patent to support the rejection. The claims of the patent are all directed to *a composition of matter* or to a *method of preparing that composition.* Claims 1 and 9 of the patent are representative:

1. A defoaming composition consisting essentially of from about 80% to about 97% of a water-insoluble, organic liquid selected from the group consisting of kerosene, naphthenic mineral oil, paraffinic mineral oil, chlorinated naphthenic mineral oil, chlorinated paraffinic mineral oil, and liquid trifluorovinyl chloride polymer, from about 3% to about 20% of hydrophobic silica suspended in the liquid, and from about 0.5% to about 5% of a surfactant for the organic liquid, said percentages being based on the composition.

9. The methods of preparing a defoaming composition which comprises dispersing hydrophobic colloidal silica in a water-insoluble, organic liquid selected from the group consisting of kerosene, naphthenic mineral oil, paraffinic mineral oil, chorinated naphthenic mineral oil, chlorinated paraffinic mineral oil, and liquid trifluorovinyl chloride polymer, said water-insoluble organic liquid containing a surfactant, the defoaming composition consisting essentially of from about 80 to about 97% of the organic liquid, from about 3 to about 20% of the hydrophobic colloidal silica and from about 0.5% to about 50% of the surfactant.

## The Rejection

As is often the case, the true basis for the rejection based upon the ground of "double patenting" remains obscure. We conclude that the basis must be that the appellant has twice claimed the same subject matter. We set forth here the reasoning of the examiner and the board in support of the affirmative of that position insofar as it aids the understanding of our decision here.

The examiner, in his Answer, stated that the patent claims "cover subject matter not patentably distinct" from the appealed claims, holding:

* * * An antifoaming or defoaming agent is covered by the patent claims. Here methods of preventing foaming using that composition are being claimed. Only one inventive concept

is present in both cases. The patented composition is useful only for preventing foam, the use being claimed in method form here. Kistler v. Coe, [79 U.S.App.D.C. 36] [142 F.2d 94, 61 US PQ 102 (D.C.Cir. 1944)] * * * involves an analogous situation in which claims to a method of insulating using an aerogel were held unpatentable over the applicant's patent to the aerogel itself. While the compositions of the instant claims and those of the patent claims may not be identical, they are not patentably distinct, one from the other.

As to the terminal disclaimer, the examiner considered the decisions of this court in In re Robeson, 331 F.2d 610, 51 CCPA 1271 (1964) and In re Kaye, 332 F.2d 816, 51 CCPA 1465 (1964) not to be "controlling" for the reason that:

* * * in those cases, the invention defined in the claims of the second patent was more than a mere colorable variation of the invention defined in the claims of the first patent, whereas *in the instant case, the claims recite a genus as to the organic liquid which overlaps that recited in the claims of appellant's patent.* [Emphasis added.]

The examiner disagreed with appellant's contention that there could be no "overlapping" since the claims of the patent, directed to a composition of matter, and the claims of the application, setting forth a process, were drawn to different statutory classes of invention.[5] He stated:

* * * it does not follow therefrom that there can be no overlapping, (See the Kistler v. Coe decision cited above and also the decision in In re Byck [18 CCPA 1208, 48 F.2d 665, 9 USPQ 205 (1931)] * * * wherein claims were held unpatentable as stating only an obvious use of a composition of matter covered by a patent granted to the

applicant on a copending application.), and it is submitted that the *difference here between the composition and the process is nothing more than a mere colorable variation.* [Emphasis added.]

The board affirmed, adding that:

* * * there is clearly an overlap in the compositions involved in the patent and in the instant application. Appellant further admits * * * that his process is obvious in view of his patent but insists that in view of his terminal disclaimer the issue is "whether the subject matter claimed herein is more than a mere colorable variation of the subject matter claimed in appellant's patent" * * *.

The instant situation is clearly distinguishable from that in the preceding cases where there was no overlap in the claimed subject matter, distinct species being involved. * * * That a composition and process are in different statutory classes is not controlling as is evident from the decisions relied upon by the Examiner.

The claims of appellant's patent indicate the utility of the composition by the recital "A defoaming composition * * *" followed by a recital of ingredients which are encompassed by the instant claims. These claims constitute a recital of that use which turns out to be the sole utility of the patented composition. Clearly there is but one inventive concept here which, under the decisions cited by the Examiner, would not sustain two patents. The principle of In re Byck was reaffirmed in the recent decision In re Sebek and Spero [52 CCPA 1442, 347 F.2d 632] * * * 146 USPQ 44 (1965) wherein claims to the therapeutic administration of a steroid were held unpatentable (for obvious use) over the claims

---

5. It is helpful in understanding the respective arguments below to note that the board's opinion was rendered on July 16, 1965. At that time the decisions in *Robeson* and *Kaye* were slightly over a

year old; thus attention was directed to whether the claims "overlap" or were "distinct," albeit unpatentable, one over the other. This distinction was laid to rest in *In re Braithwaite,* supra note 1.

of appellant's patent covering that steroid *per se.*

In response to appellant's Request for Reconsideration, the board stated:

We have considered this re-argument of the legal issue and the decisions bearing thereon but have not been convinced of any error in our conclusion. We simply cannot agree with appellant that two inventions are involved.

Appellant on page 5 of his petition mentions another possible use. Aside from being speculative this is irrelevant since both appellant's patent and the instant specification *disclose but one use and one invention,* namely that forming the basis of the patent. [Emphasis added.]

Thus, in summary, and with the benefit of the thinking of our recent decisions on this difficult subject, we observe that the position taken below was inconsistent. The major reasons advanced by the Patent Office for refusing to grant a second patent to the appellant may be summarized as follows: (1) there is but one "inventive concept" present in the patent and the application (one invention), (2) while the *compositions* of the two sets of claims are not identical, they are not patentably distinct (two inventions, one not unobvious in view of the other), (3) the appealed claims recite a *genus* as to the organic liquid which overlaps that recited in the claims of applicant's patent (one invention?), (4) it does not follow that sets of claims drawn to different statutory classes preclude "overlapping" of those sets of claims (one invention?), and (5) but one use and one invention is disclosed in the patent and in the application (one invention).

### Opinion

The analyses of the examiner and the board are not in accord with the recent decisions of this court which hopefully alleviated some of the confusion surrounding the "law" of "double patenting." See note 1, supra. Thus, we reverse.

We agree that if the appellant claims the *same* subject matter (i. e., the same invention) that he claimed in his copending, but earlier-issued patent, 35 U.S.C. § 101 bars the issuance of a second patent, In re Faust, 378 F.2d 966, 54 CC PA 1459 (1967) and a terminal disclaimer is of no avail, In re Knohl, 386 F.2d 476, 55 CCPA —— (1967).

Where, as here, the subject matter claimed in the application is not the same as subject matter claimed in the patent, In re Walles, 366 F.2d 786, 54 CC PA 710 (1966), questions of whether the two sets of claims "overlap," or are "patentably distinct," one from the other, and the like, are of no moment, so long as a terminal disclaimer has been filed. See In re Braithwaite, 379 F.2d 594, 54 CCPA 1589 (1967); In re Sarett, 327 F. 2d 1005, 51 CCPA 1180 (1964); In re Kaye, supra; and In re Robeson, supra.

As this court noted in In re Walles, supra:

* * * before two sets of claims may now be said to claim the "same invention," they must *in fact* claim the *same subject matter.*

* * * * * *

* * * We think the proper way to determine whether claims in two applications or in an application and a patent define the same subject matter is to determine *independently* precisely what subject matter is defined in the two sets of claims. Where it may be concluded after comparing these independent determinations that the subject matter is in fact the same, the appealed claims are properly rejected in view of the patent claims. 35 U.S.C. § 101. The inquiry is factual and requires that *all* of the subject matter defined by the claim be considered. * *

Initially, it is observed that here the subject matter of the patent claims is "a composition of matter and a method of preparing the composition" while the subject matter of the claims on appeal is "a method for controlling foaming in an aqueous system." The fact that the pat-

ent claims recite a "defoaming composition" and the application claims refer broadly to the step of *adding* a small amount of a "defoaming composition" likewise does not convince us that but one invention *is being* claimed in the issued patent and the present application.

Faced with a related situation in In re Taylor, 360 F.2d 232, 53 CCPA 1187 (1966), this court stated:

> * * * One aspect of the rejection presents an argument that appellant, in the appealed claim, has set forth but another way of claiming the process defined in the patent claims and that therefore the claims, while using different language, define the same invention, i. e., the same process.
>
> First, do the claims in fact define the same invention, i. e., a process? The answer is no. The appealed claim defines a product per se in terms of its physical properties as well as in terms of a process for making it. The *invention* defined by the appealed claim is a product. The patent claims define a process. Thus, two independent, albeit related inventions are presented, the appealed claim covering a product and the issued patent claiming a process.

An initial error in analysis here seems to have caused the examiner and the board to consider that, since the composition claimed in the patent may be included in the process claimed in the appealed claims, a double patenting rejection is proper.

In *Taylor,* supra, the appealed claim defined a collagen film as a *product per se,* in terms both of its physical characteristics and a process for making it. The patent claims defined a *process for making a film of collagen.* Here, we have a related situation. Appellant's patent claims are directed to a *composition and a method of making that composition.* The appealed claims define a *process,* one aspect of which is that it may use the composition previously claimed. The invention of the appealed claims, nevertheless, is a *process for using a composi-*

*tion of matter,* not a *composition of matter per se,* or a *process for making that composition of matter.* The error of the examiner and the board here is that the rejection on the ground of double patenting was predicated upon what appears to us to be an inaccurate factual analysis as to the inventions claimed in the patent and in the appealed application. In re Taylor, supra; In re Walles, supra.

Appellant argues that there can be *no* "overlapping" between claims drawn to different statutory classes of invention. Without passing on this position, we do not consider "overlapping" to be the determining factor. See In re Braithwaite, supra.

On the issue of "double patenting" between *claims to a composition* and claims to a *method* in which the composition may be used, the solicitor, like the examiner and the board, relies heavily on In re Byck, supra, and Kistler v. Coe, supra. Whatever may have been the relevance of those cases to these issues at the time they were decided, they are not controlling under the present facts in view of the terminal disclaimer which is here present.

In re Byck, supra, considered a rejection of appellant's appealed claims for failure to define "anything inventive over" subject matter claimed in appellant's patent in view of the prior art. This court would now characterize this rejection as an "obviousness-type double patenting" rejection. Byck's appealed claims were directed to conductors or coils insulated with a phenolic condensation product which was disclosed and claimed in Byck's patent. As here, Byck's patent was copending with his appealed application, and was not "prior art" as to the Byck application. However, in *Byck,* a proper prior art reference showed conductors and coils insulated with other materials. The board there obviously thought that it would involve no "invention" to use the phenolic condensation product for insulation of the conductor and coils shown in the

prior art. No terminal disclaimer was before the court in *Byck*.

Similarly, Kistler v. Coe, supra is characterized by the absence of a terminal disclaimer. Appellant's patent was directed to a material known as aerogel; his application, which was copending with his patent, claimed a method of insulating using the patented aerogel material. The rejection was based on a "lack of invention." The court affirmed, for the reason that appellant's claim defined no "invention" over his patent.

Similarly, this court in In re Sebek, 347 F.2d 632, 52 CCPA 1442 (1965) considered whether, in the absence of a terminal disclaimer, the later granting of a patent with claims drawn to a use of a product for which appellants had been granted a patent was foreclosed. There we placed emphasis on the circumstance that a patent, if granted on the application, would expire later than the prior patent. We stated:

> * * * Any prolongation of the period of that monopoly by embracing in a second, *later-expiring* patent obvious processes or compositions utilizing the compound is contrary to well established principles of law. [Emphasis added.]

See also In re Keim, 229 F.2d 466, 43 CCPA 784 (1956); In re Horneman, 194 F.2d 108, 39 CCPA 809 (1952).

However, as this court noted *In re Braithwaite,* supra:

> * * * When a terminal disclaimer causes two patents to expire together a situation is created which is tantamount for all practical purposes to having all the claims in one patent. It is common for a single patent to contain overlapping—i. e. generic and specific claims. * * * We have previously indicated that generic and specific claims, though by definition they "overlap," may be considered as "distinct" in the double patenting context. * * *

Thus, since method and composition claims presented in the same application may be permitted, subject, of course, to a proper requirement for restriction, the mere fact that the respective sets of claims are in two applications, as here, makes no difference, so long as a terminal disclaimer is present so that the date of expiration of both patents is the same.

In our view, the subject matter set forth in the appealed claims is not the same as the subject matter set forth in the claims of appellant's patent. Since here a terminal disclaimer has been timely filed, we reverse.

Reversed.

WORLEY, C. J., concurs in the result.