**Application of David TANNER.**
**Patent Appeal No. 7514.**

United States Court of Customs and Patent Appeals.

April 30, 1965.

Worley, C. J., and Almond, J., dissented.

---

Carl A. Hechmer, Wilmington, Del. (Frederick Schafer, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

PER CURIAM.

This appeal is from a decision of the Patent Office Board of Appeals dated March 31, 1964.

Appellant has moved to correct diminution of the record by the addition of a terminal disclaimer filed by applicant in the Patent Office and recorded therein on November 9, 1964. The motion is denied without prejudice. The case is remanded to the Patent Office Board of Appeals to determine the effect of said terminal disclaimer on the issues presented by the appeal, taking into consideration In re Robeson, 331 F.2d 610, 51 CCPA 1271, decided May 14, 1964, and In re Kaye, 332 F.2d 816, 51 CCPA 1465, decided June 11, 1964, and to take such further action as it may deem appropriate. See 28 U.S.C. § 2106.

1. 35 U.S.C. § 144 states:
"The United States Court of Customs and Patent Appeals, on petition, *shall hear and determine such appeal on the evidence produced before the Patent Office*, and the decision shall be confined to the points set forth in the reasons of appeal. * * *" [Emphasis supplied.]

WORLEY, Chief Judge, with whom ALMOND, Judge, joins (dissenting).

It is embarrassing to witness this attempted exercise of authority which Congress has not seen fit to give this court. Quite the contrary, Congress has expressly limited our authority.[1]

Appellant has had his day in court through the legal procedures controlling the Patent Office.[2] The appeal is now ready for decision here on the record made below. It is our duty—indeed we have no choice—but to proceed accordingly.

It is doubtful that the Patent Office wishes to abdicate its heretofore independent status as an arm of the executive branch of the government; but, if so, it would be hard to imagine a better precedent than the instant command offers.

2. The Commissioner of Patents, in a decision dated November 19, 1964, denied a petition to reopen this case. Appellant failed to utilize the remedies then available to him to obtain judicial review of that decision.