**Edwin E. HAYS, and Wallace & Tiernan, Inc., Plaintiffs,**

v.

**Edwin L. REYNOLDS, Acting Commissioner of Patents, Defendant.**

Civ. A. No. 2848-63.

United States District Court District of Columbia.

June 15, 1965.

Foster York, Zabel, Baker, York, Jones & Dithmar, Chicago, Ill., Harry W. F. Glemser, Bacon & Thomas, Washington, D. C., for plaintiffs.

Joseph Schimmel, Solicitor, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for hearing December 16, 1964. Upon consideration of the evidence presented, along with briefs submitted by the parties, the Court has found for the defendant, and against the plaintiffs, and will cause the Complaint to be dismissed.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its findings of fact and conclusions of law separately as follows:

FINDINGS OF FACT

1. This is a civil action under 35 U.S.C. § 145 in which the plaintiffs seek a judgment from this Court authorizing the defendant, Acting Commissioner of Patents, to grant to plaintiffs Letters Patent of the United States, based upon

certain claims of the patent application of the individual plaintiff, Edwin E. Hays, said application being identified by Serial No. 665,130, filed June 12, 1957, and entitled "Pharmaceutically Effective Water Insoluble Derivative of Ephedrine and Propadrine."

2. The corporate plaintiff, Wallace & Tiernan, Inc., is the record owner of all right, title and interest in and to the aforementioned application.

3. All the claims of the Hays patent application were rejected by the Examiner, and the Patent Office Board of Appeals, the latter tribunal agreeing with the Examiner's refusal of the claims primarily on the ground that claim 14 of a United States Patent to Keating, No. 2,990,332, owned by the corporation plaintiff, defines the same invention as that defined by the claims at issue here, and that to allow the requested claims would offend the rule against double patenting.

4. At trial counsel for defendant limited the issue solely to this ground of rejection.

5. The refused claims appear in the aforementioned Hays application, and are numbered 8 to 12 inclusive.

6. The invention disclosed in the application relates to a pharmaceutical composition useful in combating bronchial asthma. The composition is comprised of a cation exchange resin complex containing a drug, such as ephedrine or propadrine absorbed thereon. The composition can be administered orally in a single dose which is capable of releasing the drug in small uniform amounts over an extended period of time. The resin is a sulfonic cation exchange resin containing from 3–17% cross linkage. According to plaintiffs' application, satisfactory results have been obtained with resins containing from 5% to 100% saturation of the drug, with the preferred range being from 10% to 75% saturation.

7. Claim 8 is illustrative of the subject matter of the claims at issue, and reads as follows:

8. An oral therapeutic composition which is useful in combating bronchial asthma, comprising, in unit dosage form, from about 10 milligrams to about 300 milligrams, on the basis of the adsorption cation, of a cross-linked sulfonic acid cation exchange resin having a cross linkage of 3–17 per cent and having adsorbed thereon a cation of the group consisting of cations of ephedrine and propadrine, said adsorption compound being from 10 to 75 per cent saturated with the said cation.

8. Defendant assert that claim 14 of Keating Patent No. 2,990,332 (owned by the corporate plaintiff) and claim 8 sought here do not define distinct inventions; that patent claim 14 defines the same composition generically; and that claim 8 differs from patent claim 14 only in an obvious manner.

9. The significant differences between the subject matter defined in claim 8 and that defined in claim 14 of the Keating patent are (1) the use of ephedrine or propadrine as the drug, and (2) the 10% to 75% saturation limitation on the amount of adsorbed drug.

10. Plaintiffs concede that Keating discovered the concept of producing an oral therapeutic composition comprising a sulfonic acidcation exchange resing of 3–17% cross linkage and an amine drug absorbed thereon to be administered orally in a unit or single dose which will be effective for long periods (from 8 hours to 24 hours), and that this concept was disclosed in the Keating patent.

11. The parties agree that the Keating patent claim 14 is generic as to the amine drug.

12. The Examiner held that the two most commonly used of the class of amines taught by Keating (i. e. the beta phenyl beta hydroxy alkyl amines) are ephedrine and propadrine, and plaintiffs

witness admitted the correctness of that finding.

13. The advisability of using ephedrine and propadrine as the amine drug in making the composition defined by claim 14 of the Keating patent would have been obvious to one skilled in the art at the time of Hays' entry into the field.

14. The advisability of using an amount of drug less than saturation, namely in the range of 10 to 75% saturation, would have been obvious to one skilled in the art at the time of Hays' entry into the field.

15. The specification of the Hays application at bar does not expressly state that the "10 to 75% saturation" limitation of the claims is critical.

16. Plaintiffs' evidence fails to prove that the "10 to 75% saturation" of the claims at issue is critical.

17. The differences between the subject matter defined by claim 14 of the Keating patent and that of claims 8 to 12 inclusive of the Hay's application at bar are such that the claimed subject matter as a whole would have been obvious, at the time Hays' invention was made, to a person having ordinary skill in the art to which said subject matter pertains.

18. Plaintiffs' recording of a terminal disclaimer of that portion of the term of any patent which might issue on the involved Hay's application which extended beyond the term of the Keating patent (under 35 U.S.C. § 253) is ineffective to obviate or avoid the double patenting rejection, in the light of the fact that the claims of the patent and the claims at issue are not significantly distinct.

## CONCLUSIONS OF LAW

■ 1. Where criticality is asserted for proportions or ranges in a composition claim, the specification must disclose that the ranges are critical, instead of merely preferred, in order to be considered as such.

■ 2. Where the claims in a patent application define subject matter which is different from, but not significantly distinct from, the subject matter of a claim of a patent owned by the owner of the application, a terminal disclaimer, under 35 U.S.C. § 253, does not permit the granting of a patent which otherwise would be refused for double patenting.

 3. Claims 8 to 12 inclusive of plaintiffs' patent application are unpatentable over claim 14 of the Keating patent on the ground of double patenting.

4. Plaintiffs are not entitled to a patent containing any of claims 8 to 12 inclusive of plaintiffs' patent application, Serial No. 665,130, filed June 12, 1957, identified in paragraph 4 of the Complaint.

5. The Complaint should be dismissed.