54 CCPA

**Application of Charles L. FAUST and John E. Clifford.**

**Patent Appeal No. 7843.**

United States Court of Customs and Patent Appeals.

June 2, 1967.

Wesley B. Taylor, Cleveland, Ohio, Albert M. Zalkind, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges.

SMITH, Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection of the six appealed claims on the basis of "double patenting."

An initial statement of fact as to the nature of the "double patenting" rejection here involved is helpful. Appellants filed an application [1] relating to electrolytically sharpening, shaping and finishing a conductive composite workpiece. Prior to the issuance of a patent on this application appellants filed a second application,[2] here on appeal, also relating to electrolytically sharpening, shaping and finishing a conductive composite workpiece. The application for the patent and the presently appealed application were thus copending. Both were filed by the same inventors. Both have been assigned to the Cleveland Twist Drill Co.

The examiner's answer stated the rejection as follows:

Claim 71 and claims 47 and 74 which depend therefrom are rejected on the ground of double patenting as they do not patentably distinguish over claim 8 of the Faust et al. patent. * * *

* * * * * *

Claims 70, 72 and 75 are rejected on the ground of double patenting as they are not considered as patentably distinguishing over claim 7 of appellants' patent to Faust et al. * * *

■■ A terminal disclaimer as to the terminal part of any patent granted on the appealed application was filed. The examiner held that our decision in In re Siu, 222 F.2d 267, 42 CCPA 864, controlled as to the effect of the terminal disclaimer. He declined to follow or apply In re Robeson, 331 F.2d 610, 51 CCPA 1271, and In re Kaye, 332 F.2d 816, 51 CCPA 1465. According to the

1. Ser. No. 577,015, filed April 9, 1956, resulting in Patent No. 2,939,825, issued June 7, 1960.

2. Ser. No. 17,982, filed March 28, 1960.

examiner, appellants here claimed but a "colorable variation" of the patented invention so that "the sufficiency of the terminal disclaimer" was considered "moot."

The board affirmed the examiner, adding in its opinion:

Appellants' attention is directed to the recent decision of Hays et al. v. Reynolds [D.C., 242 F.Supp. 206], 145 U.S.P.Q. 665, which holds that a terminal disclaimer cannot avoid a rejection on double patenting where the rejected claims are not patentably distinct from the claims in an issued patent. We consider the Hays et al. v. Reynolds decision to be directly in point here.

The board rendered its decision prior to the Court of Appeals' decision in Hays v. Brenner, 123 U.S.App.D.C. 96, 357 F.2d 287 (1966) and our decision in In re Bowers, 359 F.2d 886, 53 CCPA 1590.

For the reasons stated in Bowers, we do not find that the District Court's decision in *Hays* stands for the proposition advanced by the board.[3]  Nor does the board's position draw any support from the Court of Appeals' decision in *Hays*. Appellants therein did not deny that the subject matter relied on by the Patent Office was prior art. The Court of Appeals stated in its opinion, 357 F.2d at 289:

* * * Here the action of the Patent Office denying the Hays application as obvious under § 103 is reinforced by the finding of the District Court to the same effect. We affirm that finding. * * *

* * * Since appellants' contention for patentability based on the filing of the terminal disclaimer assumes obviousness, § 103 is an absolute bar to the grant of a patent.

We agree that an invention, to be otherwise patentable, must not be obvious at

3. As explained in Bowers, the solicitor maintained in *Hays* that the subject matter in the Keating patent relied on as the basis for the rejection was "prior art," 35 USC 120, 103. In the District Court the record there shows:

MR. SCHIMMEL: * * *

I would * * * like to offer in evidence a certified copy of the earlier Keating application. * * *

* * * [B]oth the Examiner and the Board rejected the involved claims on an abandoned Keating application. In addition to rejecting it on the Keating patent, they also relied on this abandoned application, which is referred to in the Keating patent. And the patent is denominated a continuation-in-part of this application.

So I am offering it in evidence and we are going to *rely* on it on the basis of the *date* involved *to show that Keating is a prior inventor of the subject matter broadly claimed in the Keating patent* as well as some of the more specific details in some of the claims involved here.

* * *

MR. SCHIMMEL: I thought I made it clear that I was putting it in evidence *because both the Examiner and the Board, in their decisions, relied on that abandoned application at least for the date on which Dr. Keat-*

*ing had first disclosed what is claimed in his patent.*

THE COURT: Well, you are not depending on it for anything except the date?

MR. SCHIMMEL: Except the date and the fact that the subject matter disclosed there in the abandoned case [41] was carried over into the subsequent application which became a patent.

THE COURT: Well, isn't that quite clear from the first paragraph of this patent here?

MR. SCHIMMEL: Well, that is a question, I think, Mr. York may raise, as to whether it is clear from the first paragraph or not.

THE COURT: I thought it was when I read it.

Well, outside of that, are you through with this witness on your direct?

MR. YORK: No, Your Honor, I am not. It seems to me that maybe on rebuttal—

THE COURT: Well, you see what Mr. Schimmel desires to do. *He desires to use that date.*

MR. YORK: For what?

THE COURT: *For the prior conception, of course.* [Emphasis added.]

The filing date of the Keating parent application was also relied on by the Patent Office in Clinical Products Ltd. v. Brenner, 255 F.Supp. 131 (D.D.C.1966).

the time the invention was made to a person having ordinary skill in the art to which the invention pertains, section 103. However, under section 103, the reference teachings relied on must be "prior art."

■ Here there is no argument that the Faust patent is "prior art," apparently because appellants are not "another" to Faust and Clifford, 35 U.S.C. §§ 102(e), 103. The Faust reference, as a matter of present law, is not "prior art." Accordingly, no inquiry under section 103 may be made. Instead, the rejection rests on the judicially created doctrine of "double patenting." And the correctness of the rejection must be tested by resort to the principles of "double patenting."

■ The question presented is whether appellants *claim* here the same invention, i. e., subject matter, as previously *claimed* in their issued patent. In re Walles, 366 F.2d 786, 54 CCPA 710. If appellants claim the same subject matter, 35 U.S.C. § 101 is a bar to the issuance of a patent. See In re Robeson, supra. If different subject matter is claimed, the terminal disclaimer prevents any extension of monopoly and there is no necessity to determine whether the subject matter *claimed* here is unobvious in view of the subject matter *claimed* or *disclosed* in Faust.[4]

We will now turn to a consideration of the appealed claims and the reference claims. Claim 7 of Faust is directed to a method of electrolytically removing stock from a cobalt-cemented tungsten carbide body. The method comprises, as relevant here, passing a direct current through the composite body while in contact with the electrolyte. The details of the method need not be considered. The electrolyte contains tungsten and cobalt solubilizing groups.

Claim 70 is directed to a "universal multi-component electrolyte." The electrolyte consists of (1) an aqueous alkaline solution of an ionizable hydroxide (for solubilizing a metal carbide oxide), (2) a water-soluble salt of a saturated polybasic aliphatic organic acid (for solubilizing a cementing agent of a cemented metal carbide), (3) a water-soluble compound furnishing a chloride ion (for dissolution of steel) and (4) a solubilizer selected from the group consisting of sodium cyanide, ethylenediamine, and tetrasodium ethylenediaminetetraacetate (for solubilizing silver).

The group of claims consisting of 70, 72 and 75 stand or fall together in view of claim 7. As claim 7 defines a two component electrolyte and claim 70 defines a four component electrolyte, it is readily apparent that we are concerned with different subject matter, and not "mere colorable variations." Accordingly, the rejection of these claims must be reversed. In re Robeson; In re Kaye, supra.

Claims 71, 47 and 74 were rejected in view of claim 8 of Faust. These claims also stand or fall together. Claim 8 defines an alkaline cyanide-amine chloride electrolyte. Claim 71 defines a three component electrolyte consisting of (1) an aqueous alkaline solution of an ionizable hydroxide, (2) a water-soluble compound furnishing a halogen ion, and (3) a solubilizing agent selected from the group consisting of a salt of a saturated polybasic aliphatic organic acid, an ammonium halide, and an alkaline amine. Here also we think different subject matter is claimed and the rejection must be reversed.

■ Thus we find as to all of the appealed claims that, in view of the terminal disclaimer, a "double patenting" rejection cannot be sustained. The board's

---

4. Appellants argue the examiner improperly rejected the appealed claims in view of the *disclosure* in Faust, treating it *as if it were prior art*. The terminal disclaimer eliminates the necessity of considering what are most often exceedingly difficult questions, i. e., whether subject matter of the appealed claims is obvious in view of the patent claims relied on as the basis for "double patenting," thus conserving judicial man hours both here and in the Patent Office. See Vandenberg v. Reynolds, 242 F.2d 761, 44 CCPA 873. Here, as in *Robeson*, no abuse of the terminal disclaimer is suggested.

decision must therefore be reversed. In view of our disposition of this appeal it is unnecessary to determine whether, as appellants argue, the claimed subject matter is unobvious in view of Faust's claims.

Reversed.

WORLEY, C. J., did not participate.